IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HARLEN ZANN,

    Plaintiff,

v.                                      Civil Action No. 5:10CV30
                                                    (STAMP)
MIKE ROSSI and
BOB EVANS FARMS, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

## I. Background

The above-styled civil action is before this Court as a result of a notice of removal filed by defendant Bob Evans Farms, Inc. ("Bob Evans"), in which the defendant asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff commenced this civil action in the Circuit Court of Ohio County, West Virginia, alleging that defendant Mike Rossi's negligent operation of the vehicle caused a collision with the plaintiff's vehicle resulting in injuries and damages to the plaintiff. Defendant Rossi was allegedly operating a vehicle owned by Bob Evans. Following removal of the action to this Court, the plaintiff filed a motion to remand, to which Bob Evans responded, and the plaintiff replied. For the reasons set forth below, the plaintiff's motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise

original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### III. Discussion

In his motion to remand, the plaintiff asserts that this action must be remanded to state court because Bob Evans has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins

v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

In this case, the plaintiff's complaint does not set forth a total monetary sum requested. Rather, in his complaint, the plaintiff requests only that he be "fully and fairly compensate[d] . . . for the injuries and damages he sustained in the past and is reasonably certain to sustain in the future . . . [including] prejudgment and post-judgment interests, attorney fees and costs expended in this action." (Pl.'s Compl. 3.) In its response to the motion to remand, Bob Evans argues that the amount in controversy is in excess of the jurisdictional minimum because the plaintiff alleges claims for personal injuries, including permanent injury, special damages for past and future medical expenses and earning capacity loss, and general damages for pain and suffering. Furthermore, Bob Evans argues that the plaintiff has not entered into a binding stipulation to limit his claims to less than $75,000.00.

After careful consideration of the record in this case, this Court finds that Bob Evans has not met its burden of proof with regard to the amount in controversy. Bob Evans' removal cannot be based on speculation; rather, it must be based on facts as they

exist at the time of removal.  See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).

Here, Bob Evans has offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed $75,000.00, exclusive of interests and costs.  See Etchison v. Westfield Co., 2006 U.S. Dist. LEXIS 70574 (Sept. 26, 2006) (unpublished) (holding that federal diversity jurisdiction was properly based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). Considering all of the evidence, this Court finds that Bob Evans has not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiff's motion to remand must be granted. Nothing prevents, however, Bob Evans from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable.  28 U.S.C. § 1446(b).[1]

## IV.  Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is

---

[1] Of course, the case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

4

further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: April 30, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE